```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JENNIFER PALAZZOLO,

                    Plaintiff,
                                        MEMORANDUM & ORDER
          -against-                     11-CV-4569(JS)(AKT)

EUGENE PEZZOLLO DMD & RODNEY
RASTEGAR DDS, PLLC a/k/a
PROGRESSIVE ORAL SURGERY &
GOLDBERG D.D.S. and PEZZOLLO
D.M.D. and RASTEGAR D.D.S. LLP
a/k/a PROGRESSIVE ORAL SURGERY,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     David Abrams, Esq.
                   299 Broadway, Suite 1700
                   New York, NY 10007

For Defendants:    Raymond Nardo, Esq.
                   129 Third Street
                   Mineola, NY 11501
```

SEYBERT, District Judge:

Unfortunately, this case and a settlement agreement have been pending on the Court's docket for quite some time without resolution. Although the Court apologizes for the delay, it cannot approve the Settlement Agreement and close the case at this time.

The parties have submitted a Settlement Agreement requiring judicial approval in this Fair Labor Standards Act ("FLSA") action. (See Docket Entry 15.) However, although the

parties have filed the agreement on the public docket, it contains a confidentiality provision.

While the Court acknowledges that "parties are generally free to keep their settlement agreements private . . . . 'FLSA cases are different.'" Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 WL 5508972, at *1 (E.D.N.Y. Nov. 10, 2011) (quoting Hens v. Clientlogic Operating Corp., No. 05-CV-0381, 2010 WL 4340919, at *2 (W.D.N.Y. Nov. 2, 2010)). In FLSA cases, a Plaintiff "may not waive or otherwise settle [his] FLSA claim[s] for unpaid wages for less than the full statutory damages unless the settlement is supervised by the Secretary of Labor or made pursuant to a judicially supervised settlement." Wolinksy v. Scholastic Inc., 900 F. Supp. 2d 332, at *1 (S.D.N.Y. 2012); see also Joo v. Kitchen Table, Inc., 763 F. Supp. 2d 643, 644 (S.D.N.Y. 2011); Martin v. Kristal Auto Mall Corp., No. 12-CV-3439, 2013 U.S. Dist. LEXIS 8499, at *2 (E.D.N.Y. Jan. 22, 2013); Martinez, 2011 WL 5508972, at *1; Mosquera v. Masada Auto Sales, Ltd., No. 09-CV-4925, 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011). But see Picerni v. Bilingual Seit & Presch. Inc., No. 12-CV-4938, 2013 WL 646649 (E.D.N.Y. Feb. 22, 2013).

"Because judicial approval is required for settlement under the FLSA, settlement agreements in FLSA cases are judicial documents to which a presumption of public access applies."

2

Martinez, 2011 WL 5508972, at *1; accord Mosquera, 2011 WL 282327, at *1 (collecting opinions of district courts in this Circuit banning confidentiality provisions in stipulated settlement agreements in FLSA actions and/or requiring the terms of the settlement be placed on the public docket). To overcome the presumption, "the parties must make a substantial showing of need for the terms of their settlement to contain a confidentiality provision." Mosquera, 2011 WL 282327, at *2. The fact that "confidentiality is a material condition of the settlement agreement without which settlement will not be feasible" will not overcome the presumption. Hens, 2010 WL 4340919, at *3; see also Joo, 763 F. Supp. 2d at 648; Martinez, 2011 WL 5508972, at *1.

The Court notes, however, that the Settlement Agreement, as originally filed, contained some of Plaintiff's confidential information. Plaintiff's Tax ID Number has been redacted and only the last four digits of the ID Number remain. Additional conditions of confidentiality, however, cannot remain in the agreement.

Accordingly, the parties may either file a revised Settlement Agreement that does not include a confidentiality provision or file a letter indicating their intention to abandon their settlement. See Mosquera, 2011 WL 282327, at *2. The Court has previously noted that the parties have not explained

3

any particular circumstances warranting confidentiality in this case.  (See Docket Entries 12, 14.)

The parties must take one of the above-mentioned actions within thirty (30) days of the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   10  , 2014
       Central Islip, NY